## No. 694

### ERNSBERGER, et v. BEMIS, et

Ohio Appeals, 6th Dist., Lucas Co.

No. 1889. Decided July 2, 1927.

1295. ZONING ORDINANCES—188. Building Commission—Fact that builder has building permit from City does not excuse violation of Zoning Ordinance.

801. MUNICIPAL LAW—City authorities have no power to set aside, at will, valid and subsisting ordinance.

701. LACHES—Where complaint is made after excavation begun and before any part of foundation laid and suit to enjoin violation of Zoning Ordinance is begun with reasonable promptness, plaintiff is not guilty of laches.

Appeal from Common Pleas.

Decree for Plaintiff.

First Publication of this Opinion.

WILLIAMS, J.

The plaintiffs, William A. Ernsberger and Della A. Ernsberger are the owners of lot 231 in Rathenberger, Kelly & Grim Addition formerly in Washington Township and now in the City of Toledo, and the defendant, Louise Bemis is the owner of Lot 230 in the same addition. The defendant Louise Bemis is about to erect on lot 230, a building which will be within two and one-half feet of the lot line between her lot and that of plaintiffs. At the time the defendant Bemis began the construction of her building, there was an ordinance in force in the city of Toledo applicable to the area in question which required that where buildings were erected upon lots having a width of less than forty feet and held under separate and distinct ownership from the adjacent lot, as appeared on record at the time of the passing of the ordinance, there should be a side yard on each side of the building not less than three feet in width. The term "side yard" is defined in the ordinance as a yard between the building and the side line of the lot extending from the street to the rear of the lot.

On April 11, 1927, plaintiffs filed a petition in the Court of Common Pleas of this county praying for an injunction against defendants Louise Bemis and Joseph I. Berry erecting a building on that lot. On hearing, the court below found against the plaintiffs and entered judgment in favor of the defendant Louise Bemis for her costs, without making any finding or entering any judgment as to the defendant Joseph I. Berry. Plaintiffs appealed the case to this court.

The fact that the defendant Louise Bemis had a building permit from the city would not excuse her violation of the Zoning Ordinance. City authorities have no power to set aside, at will, a valid and subsisting ordinance.

Were plaintiffs guilty of laches in not bringing their action sooner? On March 20, 1927, Della Ernsberger, learned for the first time that it was proposed to erect the new building two and one-half feet from the lot line in question. Excavation was started April 1st and finished

on April 2nd, the laying of the foundaion begun on April 8th and finished on April 9th. It appears that the defendants put on a large force of men and were hurrying to complete the work. While it is not entirely clear from the evidence when plaintiffs complained about the erection of the building in violation of the ordinance, it is certain that complaint was made in person after the excavation begun and before any of the foundation was laid, and we think the evidence also bears the interpretation that complaint was made before a stake had been driven. It is true the equitable maxim "Equity aids the vigilant and not those who slumber on their rights" applies. The evidence shows however, that the plaintiffs acted with reasonable promptness in bringing suit to enjoin the violation of the Zoning Ordinance, especially in view of the fact that defendants were apparently making haste to get the building so far along that plaintiffs could not stop them.

Decree for plaintiff against the defendant Louise Bemis.

(Richards and Lloyd, JJ., concur.)

Attorneys—Rupert Holland, A. R. Kepperman, and Harry Friberg for Ernsberger; George Bryce and Lawrence E. Duffey for Bemis, et; all of Toledo.